In re James Henry SOUTHARD, et al., Debtors.

The BANK OF GERMANTOWN, Plaintiff,

v.

James Henry SOUTHARD, Defendant.

Bankruptcy No. 80–00596A.
Adv. No. 80–0378A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Nov. 5, 1981.

ORDER

HUGH ROBINSON, Bankruptcy Judge.

This is before us for a ruling on a matter reserved from an order dated October 28,

1980. At that time plaintiff moved to seek imposition of sanctions or alternatively to compel discovery. The order was entered, compelling discovery and reserving the question of what sanctions were to be imposed for defendant's failure to respond to the request for production of documents reserved upon him by plaintiff. See the Order entered in this case, October 28, 1980. Plaintiff's request for sanction includes the striking of defendant's answer and the award of expenses and attorney's fees.

## DISCUSSION

In *Marshall v. Segona*, 621 F.2d 763 (5th Cir. 1980) the Court said this in reference to sanctions under Rule 37 (28 U.S.C.A.) of the Federal Rules of Civil Procedure:

"Dismissal is to be sparingly used and only in situations where its deterrent value cannot be substantially achieved by use of less drastic sanctions ... Nor does a party's simple negligence, grounded in confusion or sincere misunderstanding of the Court's orders, warrant dismissal." at p. 768.

Since a sanction striking pleadings can sometimes have the same effect as dismissal, we do not feel that sanction would be appropriate here, where the defendant's actions reflect more a lack of diligence in responding to the request for discovery than any sort of intentional thwarting of discovery. See *Marshall*, note 4 at p. 766. While *Marshall* refers specifically to sanctions under Rule 37(b)(2), this Court feels its reasoning applies equally well to sanctions sought under 37(d). However, we feel that expenses involved in plaintiff's independent attempts to make discovery would be an appropriate sanction under the facts of this case. Had defendant responded in some way, plaintiff's counsel would have been spared his efforts to discover a file that now appears to be simply missing. Had defendant made the thorough search (documented in section 3 of his affidavit filed in this Court November 25, 1980) he describes in his affidavit at the time when the original request for production of documents was filed, we would be unwilling to impose any sanctions despite the inability of defendant to produce. It is not the inability to produce that causes this sanction, but the time that passed before defendant finally made the thorough search that determined that he did not have or know who did have the files in question. For these reasons, it is

ORDERED that plaintiff's motion seeking imposition of sanctions be granted to the extent that appropriate expenses be charged to defendant. It is also

ORDERED that proof of these expenses be heard and the amount to be charged defendant be determined at the hearing on the merits of this case. Further

ORDERED that this case be set for trial as soon as possible.